UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY HAMILTONHAUSEY,<br><br>    Petitioner,<br><br>    v.<br><br>JEFFREY BEARD, Secretary,<br><br>    Respondent. | No. C 13-2152 SI (pr)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

Jerry Hamiltonhausey filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge the decision of the Board of Parole Hearings ("BPH") finding him not suitable for parole. The court dismissed the action because the several state law and due process claims he asserted could not support habeas relief after the Supreme Court's decision in *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011). Hamiltonhausey then filed a motion for reconsideration of the dismissal of this action.

A motion for reconsideration under Federal Rule of Civil Procedure 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc). The court now considers the several arguments in the motion for reconsideration, none of which demonstrate newly discovered evidence, clear error or an intervening change in the law.

First, Hamiltonhausey argues that the California Supreme Court's summary rejection of his habeas petition deserves no deference under 28 U.S.C. § 2254(d). The U.S. Supreme Court has held otherwise in *Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011) (one-sentence order denying habeas petition analyzed under §2254(d)), and *Johnson v. Williams*, 133 S. Ct. 1088, 1096 (2013) (order that discusses state law claim but not federal claim rebuttably presumed to be rejection on the merits and therefore subject to § 2254(d)).

Second, he urges that he was resentenced on psychiatric grounds, and that *Cooke* did not disturb earlier Supreme Court cases that limit involuntary psychiatric commitments. This argument is meritless because Hamiltonhausey was denied parole – he was not resentenced and was not involuntarily committed to a psychiatric facility. *See* Docket # 5, p. 3.

Third, Hamiltonhausey contends that he was not given a hearing before rule violation reports were used by the BPH in parole decisions. *See* Docket # 7, p. 5. He does not contend that he did not receive a hearing when the rule violation report was originally issued and does not contend that he did not have a parole hearing; instead, he urges that a second hearing was necessary for the BPH to use that rule violation report as reflective of prison misconduct after the CDCR had found him guilty of the offense. *See id.* He is wrong. There is no federal constitutional requirement that the BPH hold a new hearing to re-decide an inmate's guilt of a disciplinary offense before considering that disciplinary offense in evaluating an inmate's parole suitability, just as the BPH is not required to hold a new hearing on the inmate's guilt of the underlying murder that led to his prison term. Further, *Cooke* requires dismissal of the claim that Hamilton was entitled to a new hearing on his guilt of the rule violation before it could be used in denying him parole, as such a hearing is not one of the two protections *Cooke* identified as having been found by the U.S. Supreme Court to be constitutionally required in parole suitability proceedings.

Fourth, Hamiltonhausey continues to urge that he has a 15 year sentence for his second degree murder conviction. *See* Docket # 7, p. 6. This argument was correctly rejected for the

reasons stated at pages 3-4 of the order of dismissal.[1]

Fifth, Hamiltonhausey asserts that prison officials set 2008 as his maximum release date, citing Exhibit B to his petition as support for his assertion. *See* Docket # 7, p. 7. Exhibit B does not support his position. That document is a calculation worksheet "used to calculate the Minimum Eligible Parole Date (MEPD) for inmates sentenced to serve an indeterminate (ISL) life term." Docket # 1-10, p. 2. Hamiltonhausey presents no legal authority to show that the *minimum* eligible parole date is the latest date on which the inmate may be held in custody.

Finally, Hamiltonhausey relies on *In re Rodriguez*, 14 Cal. 3d 639 (Cal. 1975), and several provisions of the California Penal Code for a muddled argument that his maximum release date was set, should have been set, or was set by operation of law. *See* Docket # 7, ¶. 6-8. The term-setting argument fails for the reasons explained below.

Under California law, the duty to set (or fix) a term of years for a life prisoner does not arise until after he is found suitable for parole. *See In re Dannenberg*, 34 Cal. 4th 1061, 1070-71, 1096 (2005). Where, as here, the life prisoner has not been found suitable for parole, there is no obligation to set a parole release date. *See generally id.* at 1070-71; 15 Cal. Code Regs. § 2403(a) ("[t]he panel shall set a base term for each life prisoner who is found suitable for parole").[2]

The duty to set a term was discussed recently in *In re. Stoneroad*, 215 Cal. App. 4th 596, 619-21 (Cal. Ct. App. 2013) (Kline, J.), and in the concurrence in *In re Morganti*, 204 Cal. App. 4th 904, 937-43 (Cal. Ct. App. 2012) (Kline, J., concurring and dissenting). In both cases, Justice Kline discussed a perceived difficulty with the California Supreme Court's ruling in

---

[1] As the court explained in the order of dismissal, if Hamiltonhausey wants to contend he actually has a determinate 18-year sentence he can file a new habeas action for an overdetention, supported by an abstract of judgment to document that he has such a sentence. A claim of an overdetention on a determinate term must be pursued separately from a claim that the BPH improperly denied him parole based on unsuitability.

[2] A term may be set by consulting a regulation that contains a matrix of suggested base terms for several categories of crimes. *See* 15 Cal. Code Regs. § 2403. For example, for second degree murders, the matrix of base terms ranges from the low of 15, 16, or 17 years to a high of 19, 20, or 21 years, depending on some of the facts of the crime.

*Dannenberg*: a *state* constitutional violation could occur if, by the time the parole authority reached the stage at which *Dannenberg* said it was time to set a term, the inmate already had served a term that was in excess of that which was proportionate to his offense. As Justice Kline explained, the "setting of the base term is designed to insure life prisoners do not serve terms disproportionate to the culpability of the individual offender," because requiring service of a disproportionate sentence would violate the *California* Constitution's prohibition of cruel or unusual punishments.[3] *Stoneroad*, 215 Cal. App. 4th at 617-18 (citing *In re Rodriguez*, 14 Cal. 3d 639, 652 (Cal. 1975), and *People v. Wingo*, 14 Cal. 3d 169 (Cal. 1975)). Especially with the lengthy parole denials now allowed under Marsy's Law, waiting to set a base term until after the indeterminately-sentenced inmate is found suitable for parole might result in the inmate serving a disproportionate term for his crime and suffering the "cruel or unusual punishment" prohibited by the California Constitution. *See Stoneroad*, 215 Cal. App. 4th at 618.

The problem for Hamiltonhausey here is that the term-setting concern is a state law matter. Hamiltonhausey's claim therefore amounts to nothing more than that the BPH is not following state law or that, by following state law, the BPH might violate the California Constitution. Federal habeas relief is not available for an alleged state law error. *Cooke*, 131 S. Ct. at 861. He cannot make a state law claim into a federal one simply by labeling it "due process." *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (litigant cannot "transform a state-law issue into a federal one merely by asserting a violation of due process"). There is no cognizable federal due process claim.

The discussion of "cruel or unusual punishment" obviously brings to mind the Eighth Amendment's prohibition on cruel and unusual punishment. Hamiltonhausey's federal habeas petition does not state that he ever presented an Eighth Amendment cruel and unusual

---

[3]The discussions in *Stoneroad* and *Morganti* are based on the California Constitution, which provides that "cruel or unusual punishment may not be inflicted." Cal. Const. Art. I, § 17. The U.S. Constitution has a similar provision, i.e., "cruel and unusual punishments" shall not be inflicted. U.S. Const. amend. VIII. The provisions are not identical, however. A California court's interpretation of the California constitution does not control a federal court's analysis of the federal constitutional claim.

punishment claim to the California Supreme Court to exhaust it. Regardless of whether state court remedies were exhausted for the claim, the claim must be rejected here for the simple reason that life in prison for a murder by an adult does not violate the Eighth Amendment. "The Cruel and Unusual Punishments Clause prohibits the imposition of inherently barbaric punishments under all circumstances." *Graham v. Florida*, 130 S. Ct. 2011, 2021(2010). "For the most part, however, the [Supreme] Court's precedents consider punishments challenged not as inherently barbaric but as disproportionate to the crime." *Id.* The Eighth Amendment contains a "narrow" proportionality principle – one that "does not require strict proportionality between crime and sentence," but rather forbids only "extreme sentences that are 'grossly disproportionate' to the crime." *Graham*, 130 S. Ct. at 2021. "[O]utside the context of capital punishment, successful challenges to the proportionality of particular sentences [will be] exceedingly rare." *Solem v. Helm*, 463 U.S. 277, 289-90 (1983); *see also Crosby v. Schwartz*, 678 F.3d 784, 795 (9th Cir. 2012) ("Circumstances satisfying the gross disproportionality principle are rare and extreme, and constitutional violations on that ground are 'only for the extraordinary case'"). Only in that rare case where a comparison of the gravity of the offense and the severity of the sentence leads to an inference of gross disproportionality does the court compare a petitioner's sentence with sentences for other offenders in the jurisdiction and for the same crime in other jurisdictions to determine whether it is cruel and unusual punishment. *Graham*, 130 S. Ct. at 2022. A sentence of life in prison (or 15-years-to life) for a murder does not lead to an inference of gross disproportionality and therefore does not amount to cruel and unusual punishment forbidden by the Eighth Amendment. *See Harris v. Wright*, 93 F.3d 581, 584 (9th Cir. 1996) (sentence of life without parole for 15-year-old murderer does not raise inference of gross disproportionality); *United States v. LaFleur*, 971 F.2d 200, 211 (9th Cir.1991) ("Under *Harmelin*, it is clear that a mandatory life sentence for murder does not constitute cruel and unusual punishment"); *cf. Solem*, 463 U.S. at 290 n.15 (discussing earlier case in which it had found the death penalty to be excessive for felony murder in the circumstances of a particular case; "clearly no sentence of imprisonment would be

5

disproportionate" for the felony murder of an elderly couple).[4] Hamiltonhausey's sentence of 15-years-to-life for a second degree murder does not raise an inference of gross disproportionality, even if he must spend his entire life in prison on that sentence. Hamiltonhausey's continued incarceration is lawful under the terms of his life-maximum sentence. *See United States v. McDougherty*, 920 F.2d 569, 576 (9th Cir.1990) (generally, "so long as the sentence imposed does not exceed the statutory maximum, it will not be overturned on eighth amendment grounds"). Leave to amend to allege an Eighth Amendment claim will not be granted because such a claim is meritless, and the action will not be stayed to permit exhaustion of such a claim because it is not colorable. *See* 28 U.S.C. § 2254(b)(2) (court may deny, but not grant, unexhausted claim on the merits). If the claim was presented to and rejected by the California Supreme Court, that court's rejection of it would not be contrary to or an unreasonable application of "clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

---

[4]The Supreme Court and Ninth Circuit have upheld life sentences for crimes less serious than murder. *See e.g., Ewing v. California*, 538 U.S. 11, 29-31 (2003) (upholding sentence of 25-year-to-life for recidivist convicted most recently of grand theft); *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003) (upholding sentence of two consecutive terms of 25-years-to-life for recidivist convicted most recently of two counts of petty theft with a prior conviction); *Harmelin*, 501 U.S. at 996 (upholding sentence of life without possibility of parole for first offense of possession of 672 grams of cocaine); *Nunes v. Ramirez-Palmer*, 485 F.3d 432, 439 (9th Cir. 2007) (upholding sentence of 25-years-to-life for the underlying offense of petty theft with a prior conviction after finding petitioner's criminal history was longer, more prolific, and more violent than the petitioner's in *Andrade*, who suffered a harsher sentence); *Taylor v. Lewis*, 460 F.3d 1093, 1101-02 (9th Cir. 2006) (finding no inference of gross disproportionality and upholding sentence of twenty-five years-to-life with possibility of parole for possession of .036 grams of cocaine base where petitioner served multiple prior prison terms and his prior offenses involved violence and crimes against a person); *Cacoperdo v. Demosthenes*, 37 F.3d 504, 508 (9th Cir. 1994) (sentence of ineligibility for parole for 40 years not grossly disproportionate when compared with gravity of sexual molestation offenses). Even in the context of juvenile offenders, the Supreme Court held only that "*mandatory* life-without-parole sentences for juveniles violate the Eighth Amendment." *Miller v. Alabama*, 132 S. Ct. 2455, 2459 (2012) (emphasis added); *see also id.* (leaving open the possibility of the "uncommon" case when an individualized sentence of life-without-parole for a juvenile would be permitted).

1   For the foregoing reasons, petitioner's motion for reconsideration is DENIED. (Docket # 7.)

A certificate of appealability will not issue. This is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural [rulings]" in the order of dismissal or in this order. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c). The denial of the certificate of appealability is without prejudice to petitioner seeking a certificate from the United States Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

DATED: July 31, 2013

SUSAN ILLSTON
United States District Judge